May it please the court. My name is Paul Loewinger. I represent the appellate, Lanny Swerdlow, in this matter. As I stated in my brief, there are two issues on appeal in this matter. We're asking the court to send this case back to the court with instructions to the judge to make a record. First, to make a record of why he denied the motion to view the affidavit. There is nothing in the record at all which states why he denied it. It's just a simple one-sentence order of denial. And with that, the judge handed the case before we had an opportunity to object. The judge ordered up the discovery on his own. We thought we'd have the ability to argue after he ordered the discovery under seal for in-cam review. We had no opportunity to even object to that portion of it. He did it on his own and had it come to him. And we thought he'd give us an opportunity to breach after he had reviewed the documents in camera, which he did not. There was no oral argument on that matter, no oral argument on any matter in this case at all. The judge just prematurely ended the case by denying us our opportunity to get discovery on this matter. Going back to your first statement, Mr. Loney, you said that the court gave no reason for his statement, the motion to plaintiff's motion to view the affidavit as denied. Would you comment on pages five and six of the court's opinion and explain why that is not an explanation of the two conclusions the court reached, one of which is the motion to deny the affidavit? One here. It's on E.R. five and six. Five, six or seven. Well, again, in here, it looks like he's talking more in here. The motion for summary judgment, the judge combined the two decisions on two issues, the motion for summary judgment and his denial of the motion to view the affidavit in one ruling here. I know it's one thing to disagree with the court's reasoning, but it's another thing to say that the court gave no reason. He did state that he not on page six on E.R. The real conflict in this case appears to arise from the plaintiff's failure to itemize remaining properly. Blah, blah, blah. That's sentence. And the discussion that followed that and the discussion that preceded that could not that not be reasons. However, truncated and however you may not agree with is at least a statement of reasons. Well, it may be a statement, but I believe that if it is a statement, it'd be a clear abuse of discretion. It's abuse of discretion. There's it's basically when you know when there's an organized resource, the record contains no evidence to support the decision. It's a clear use of discretion. And however, if it applies, no one that correct a lot of the facts that it may abuse discretion rules in an irrational manner. Now, at the time the court made this decision was not the due process violation. You are asserting is that the authorities were keeping the items seized in the search too long that they had. They had neglected to return everything that was seized. Is that not the basic issue that was before the court on the due process at that time on the due process?  Claim, however, we had the other motion. We had the motion to view the affidavit, which he again, he ruled in the same document. And the motion of the affidavit, I believe we were granted that was given us new evidence in order to ask him to reconsider his earlier decision. Showing out most of the claims to show that there was due process violation when they raided my client's business and home and seized all kinds of property. You are saying that at that time that issue was still alive at the motion of the affidavit. It was never it was never briefed by anybody. It was never requested motion in front of judge until a time that that motion was submitted. And I believe that if it had been granted, we could have come up with new evidence. Well, I guess correct me on the procedure. It seems to me that you made a wasn't a 42 one request for the return of property seized. Is that right? But that was made by a previous attorney earlier in the case before this civil rights case was even filed. Because that time and that was after my client was never arrested in this case. No, he was ever arrested. No, he was ever charged with anything. No, they're convicted. And it just became obvious that the government made a bad mistake. All right. Well, I. I'm thoroughly confused, sir. Seems to me that the record, as I read it, was this motion for the for the return of the matter. Seize was paramount to this case. Well, not everything was returned at the time. And that was your argument. You made the motion to return. They didn't return all of it. And again, if I may, the the Bivens violation occurred when they actually raided my client's residence and business. That's when and even the return of the property could not cure that violation. That that I hope that was clear. My brief, if not clear now, that's when the violation occurred. And no matter what happened, the return of property, that's not going to cure the violation. And again, if I may continue on again, we will ask for a civil version of Frank's hearing. Mildew controversy affidavit that was never allowed us that we believe that there's deliberately and recklessly false statements in the affidavits submitted to the magistrate. The issues of search warrant. And that was material to the mastery. What could be materially false when the search was for pornography that was produced at your client's location? And in fact, that's what was found. So why should we assume or why is it even plausible to think that the affidavit was false? Well, I believe that affidavit deliberately confused my client's business and place of residence. Much of the government's brief and this appeal does. They combined the two when there's almost no connection between the two other than the fact that my client had a business and my client had a residence. And my client was never in possession of that pornography that was found. And they didn't. Well, OK, I guess that's your assertion that they that they already knew that they don't talk to one of my client's employees who told them that my client's employees were asked by government agents to offer rewards to come up with statements about my client's illegal activities. And there were none. And I believe that there was. And again, the government claims that they're in their brief. There's a third allegations that my client has a long history with the Portland Police Bureau and Portland Police Bureau was not happy with him. And we believe that there was a police officer who was third person mentioned affidavit for an informant that deliberately misled agents. Sparrow, the FBI agent, Sparrow failed to do her job to see whether or not this was actually occurring, especially in my client's residence. The one Portland police officer in his affidavit stated that he talked to a gentleman's probation officer and he knew that was not staying at a client's residence other than. There was no no nothing there. And this case is much like the Green Street case, which I mentioned my brief where the government raided a person's business and residence there. And they found there was one one person who had a record that connected to. And it kind of was here. Somebody spent a few nights at my client's residence who had a criminal record and the government made up this long, unbelievable story. And they got the magistrate to sign off on it. So your time has expired. Thank you, Mr. Silver. Counsel, I have a kind of an underlying question. I don't understand from what we have in front of us why these affidavits were ever sealed in the first place. The record, at least as I have looked at it, doesn't really explain that. Your Honor, I would have to agree with you, though. The record that's made it into this into this court is. It is not very complete. I in the defendant's supplemental records, we tried to add more. But do you agree with me that there's no no adequate explanation of why initially the affidavits were sealed? I think it can be inferred in that the original affidavits were part of the criminal investigation. They were sealed as part of the criminal investigation. They involved minors and the identity of minors. And I think that can be fairly easily inferred from what is before the court. The history of why they remain sealed and the courts, Judge Haggerty, viewing them under in camera, under seal. I don't think there's a lot in this record. Well, isn't it in general the government's burden to demonstrate why an affidavit is to remain sealed vis-a-vis the person whose property is to be searched? I think that's a fair statement, Your Honor. Yes. Okay. And if we don't have any adequate explanation of the sealing and it's the government's burden, why then shouldn't we order the affidavits to be unsealed and to allow the plaintiff to make whatever arguments he can from those affidavits? Well, I think it would be a terrible mistake for this court on this record to order these affidavits unsealed. Well, what about ordering further proceedings to show cause why they shouldn't be unsealed? Because just speaking for myself, I don't see the justification for the sealing. And I would have to say, Your Honor, that the appellant or the plaintiff just didn't bring that to this court. That's not what they brought to this court. What they brought to this court and the record they're asking you to rule on is, as Judge Aldershot was discussing, at the time that Judge Haggerty ruled on this motion to unseal the affidavit and view the affidavit, the only remaining issue in the case was, did Adrian Sparrow and the other three FBI agents hold on to these computer documents too long? That's true, but it seems like a chicken and egg problem because the reason that was the only remaining issue was that the rest of the case had already been thrown out because they couldn't make the case because they couldn't see the affidavit. And so it seems somehow inappropriate to then say, aha, I've already ruled, so now it's too late for you to support the thing that I've already ruled on. Well, Your Honor, I appreciate your frustration. And had the appellant brought the entire case to this court, then we would have had the – I would have – I would have, you know, filed the affidavits under seal with this court just as I had done it with the district court. We have them under seal on this court. The court does have the affidavits? Yes. Okay. Well, I think if they are viewed – and even the plaintiff in one of his – Mr. Loney, in one of his affidavits, said that the affidavit was facially valid. In terms of what was necessary for this court – well, let me back up for a second. In terms of what this court needs to rule on what this appellant has brought to this court of appeals, I believe that you have everything you need. Namely, was Judge Haggerty abusing his discretion when on trying to rule on a property Fifth Amendment due process claim, did the plaintiff need to see the affidavit that underlie the original police action? And the answer is no, it was not an abuse of discretion. That is what the appellant has brought into this court. So you're relying essentially on what you believe has been waived. That's correct. Had the other issue been here, we could have briefed it, argued it, and discussed it. And the appellant really did not bring that forth to this court. And Judge Haggerty, in his decision back when he was ruling on – when the judge was ruling on the defendant's second motion to dismiss The one that resulted in the August 17th decision. Judge Haggerty went through at length how all of the assertions that the plaintiff was making, even assuming they were true, did not invalidate the warrant, did not show bad faith, and did not deprive the FBI agents of qualified immunity. And so what I would ask is, if you – the court will go back to Judge Haggerty's decision of August – I think it's August 17th of 2001. If you go back, Judge Haggerty goes through at great length of why even accepting the plaintiff's assertions, it doesn't invalidate the warrant, it doesn't show the bad faith, and qualified immunity is appropriate, and there just is no need to unseal these affidavits. Trust me, I'm from the government. That's really what you're saying to the plaintiff. No, I – I mean, that's – I think the reason why, in general, the government bears the burden to demonstrate that an affidavit should be sealed is that the object of the search should have the opportunity to test those things and to have a dialogue with the judge about those things. And I appreciate that. I will also say that after I made my motion for summary judgment, where the affidavit was going to be a major focus of that motion, neither side asked for oral argument in front of the court, neither side asked for this modified Franks hearing that Mr. Maloney is describing. That was – there was never a request for that. And it's just – it would just – with all due respect, I think it would be inappropriate for this court to say to Judge Haggerty, you did something wrong that actually no one really appealed. And it's – his reasoning is all there. And it's not Judge Haggerty saying, I accept the government saying, with the government we tell the truth. It's him reviewing the affidavit under seal and reviewing the exhibits that went with it. All of the pornography, as Your Honor described, what certainly makes this different from the Green Street case is they found the child pornography at the range. They found the child pornography at Mr. Fullilove's residence. And it's very important – and I'd like to sum up. And so to sum up, what I would say is it's really critical to remember this was about a search warrant, not an arrest warrant. This was not about an arrest warrant for Mr. Maloney. It was about a search warrant looking for evidence of child pornography. They found the child pornography. And they – the agents did not violate Mr. Fullilove's constitutional rights when executing a facially valid search warrant. And the last point I want to make is I think it is particularly disturbing that the appellant or the plaintiff never was prepared to distinguish between these four FBI agents, all the way through to the very end, even when it was just about this property that was sitting in a locker over at the FBI headquarters under the control of Adrian Sparrow. He insists on continuing to sue the other three agents who just came along to help execute the search warrant. So that's what I have to say in summary. Can you tell me where in the district court's order he addresses the affidavits issue? I believe it's in the 917. I believe he starts on excerpt 68. I'm going to say generically, it would be probably 75 through 78. And 68, I'm assuming. Particularly page 77 where the court says, accepting all of the plaintiff's factual allegations is true, but his argument fails. He would want the mayor to list why. Right. And one thing he says is after examining the affidavit, it's clear that the affidavit supports the finding of probable cause. And that's the place that is of concern to me, is how can the plaintiff be expected to argue against that without seeing the affidavit? Well, all I can say, Your Honor, is that there has been the procedure for I don't know how many years that a court may view an affidavit under seal and decide whether it should be reviewed or released. And I just don't think that was truly preserved for this court. And the record brought before this court was really filed. Thank you. Thank you. The case just argued is submitted.
judges: Aldisert , Graber, Gould